**STRICKLAND TRANSPORTATION COMPANY, Inc., and Illinois Central Railroad Company, Complainants,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

Civ. A. No. 3–63–77.

United States District Court
N. D. Texas,
Dallas Division.
July 19, 1963.

Ralph W. Currie, Dallas, Tex., for Strickland Transportation Co., and Illinois Central R.R.

Lee Loevinger, Asst. Atty. Gen., John H. D. Wigger, Atty., Department of Justice, Washington, D. C., Barefoot Sanders, U. S. Atty., Dallas, Tex., for the United States of America.

Robert W. Ginnane, Gen. Counsel, Stanton P. Sender, Atty., Washington, D. C., for the Interstate Commerce Commission.

Leroy Hallman, Dallas, Tex., for National Automobile Transporters Ass'n, intervenor.

Giles Morrow, Washington, D. C., Joseph P. Mathews, Dallas, Tex., for Freight Forwarders Inst. and Universal Carloading Dist. Co.

Louis I. Dailey and James W. Wrape, Memphis, Tenn., for Gordon Transports, Inc., Lee American Freight System, Braswell Freight Lines Inc., Campbell's 66 Express Inc., Viking Freight Co., Delta Motor Lines, Inc., Redball Motor Freight (Southeast) Inc., intervenors.

Before BROWN, Circuit Judge, and BREWSTER and HUGHES, District Judges.

PER CURIAM.

This action is brought pursuant to sections 1336, 1398, 2284 and 2321–2325 of Title 28 U.S.C. to set aside and annul orders of the Interstate Commerce Commission, entered on October 15, 1962, in Gordon Transportation, Inc., et al. v. Strickland Transportation Co. et al., 33606, 318 ICC 395. In that proceeding the Commission held that plaintiffs' present and proposed use of rail trailer-on-flat car (TOFC) service in substitution of motor service between St. Louis, Mo., Chicago and East St. Louis, Illinois, and Little Rock, Arkansas, on the one hand, and New Orleans, La., on the other was unlawful. In its excellent and detailed report the Commission ordered that the tariff schedules for the proposed service be canceled and entered a cease and desist order against the present operations.

Strickland's authorized motor routes from Chicago, Ill., St. Louis, Mo., and Little Rock, Ark., on the one hand and New Orleans, La., on the other are through a required gateway at Houston, Texas. Strickland contends that it may lawfully substitute TOFC Illinois-Central service between these points, which route would not be through Houston and for which it has not obtained operating authority.

Intervenors, Gordon Transport, Inc., and other common carriers by motor vehicle, were complainants before the Interstate Commerce Commission and contended that the proposed service of Strickland and Illinois Central was an entirely new service, under the guise of a so-called substituted service without proof of public convenience and necessity and furthermore that such service would constitute unfair and destructive competition. The authorized motor route of Strickland between the designated points is much more circuitous than those of intervenors and prior to the institution of Strickland's TOFC service with Illinois-Central a substantial volume of interchange traffic, destined for New Orleans, had been received by intervenors from Strickland.

The Commission in holding Strickland's proposed service unlawful agreed with the contention of complainants. In so holding reliance was placed on Consolidated Freightways, Inc v. United States, D.C., 176 F.Supp. 559, in which, as here, the motor carrier plaintiff was challenging a Commission order, which required cancellation of certain tariff schedules permitting substitution of rail TOFC service for motor carrier service. The Court upheld the Commission.

In this case the Commission held that the proposed service of Strickland was contrary to the concept of substituted service, which required some reasonable relationship to the authorized motor carrier service for which it is substituted. It concluded that the proposed use of TOFC service was a destructive competitive practice and unlawful.

This ruling by the Commission, it was pointed out, was "dictated by the particular facts of record" and "did not relate to the basic concept of the legal effect of so-called Plan III TOFC utilization by motor common carriers." The transportation law and policy involved in this question are now before the Commission in Ex parte No. 230 and according to the Commission are "being subjected to a comprehensive analysis and factual investigation * * * with a view to framing the policy of the law and of this Commission." It was emphasized that the Commission's holding in the present situation was not a prejudgment of Ex parte 230. By the same token we would make clear it is not intended that the judgment in this case prejudice any rights of plaintiffs under any policies which may be announced in Ex parte 230.

We are in agreement with the findings of the Commission and its conclusion that the present and proposed uses by Strickland and TOFC service between the considered points is unlawful.

Also appearing as intervenors in this case were Freight Forwarders Institute and the Universal Carloading and Distributing Co., Inc., who contended that there is no statutory authority for "substituted service" and that in premising its decision upon the concept the Commission had exceeded its statutory authority. TOFC service, these intervenors contended, should be found unlawful per se.

While our affirmance of the order necessarily overrules this contention that there is no statutory authority for "substituted service", we do not consider it appropriate for us to explore this further. The broad issues which these intervenors seek to raise, that is the lawful status of the use by motor carriers of "substituted service" is before the Commission in Ex parte 230. Except to the limited extent indicated above the consideration of its lawfulness is not properly part of this proceeding and would unduly broaden its scope. Intervenors are in no way affected by the order of the Commission and have no interest in setting it aside. For these reasons the contentions of the Freight Forwarders Institute and the Universal Carloading and Distributing Company so far as here pertinent are overruled. As to matters beyond the scope of this case the interventions are dismissed without prejudice.